# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **ACCESS NOW**,<br><br>*Plaintiff,*<br><br>v.<br><br>**UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT**,<br><br>*Defendant.* | CIVIL ACTION NO. 24-cv-3980 |

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Access Now hereby brings this action against defendant United States Immigration and Customs Enforcement to compel the immediate production of documents requested under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. As grounds therefor, plaintiffs state as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

2. Venue in this action is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(e) and 5 U.S.C. § 552(a)(4)(B).

### Parties

3. Plaintiff Access Now is a non-profit organization dedicated to defending and extending human rights in the digital era of people around the world. It works towards its mission

    by maintaining a Helpline to provide technical assistance around digital security, organizing RightsCon, an annual conference on digital human rights, tracking and reporting on internet shutdowns in collaboration with the #KeepItOn campaign, and much more. It maintains its principal place of business in New York City, New York.

4. Defendant United States Immigration and Customs Enforcement ("ICE") is a federal law enforcement agency within the United States Department of Homeland Security ("DHS"). ICE is primarily responsible for enforcing U.S. immigration law inside the nation's borders, including through the identification, arrest, detention, and removal of individuals in the United States. It is headquartered in Washington, D.C.

## Factual Background

5. Defendant ICE is, in its own words, the Department of Homeland Security's "premier law enforcement agency, mitigating transnational threats and safeguarding our nation, communities, lawful immigration, trade, travel, and financial systems."[1]

6. One of ICE's components is the Enforcement and Removal Operations ("ERO") component, which oversees the apprehension, arrest, detention, and removal of individuals in the United States.[2] According to ICE's website, "[o]ne of the most notable law enforcement coordination and partnership efforts within ERO involves the biometric and biographic identification of priority undocumented individuals who are incarcerated within federal, state, and local prisons and jails."[3]

---

[1] *ICE's Mission*, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, https://www.ice.gov/mission.
[2] *About ICE*, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, https://www.ice.gov/about-ice.
[3] *See ICE's Mission*, *supra* note 1.

7. On February 11, 2021, the ERO Director signed an "Criminal History Information Sharing (CHIS) Addendum Memorandum of Cooperation" with the Guatemalan Minister of the Interior.[4] The CHIS program, led in part by ERO, "is responsible for sharing critical background information to include biometric, biographical, and encounter-related data with foreign partners."[5] ERO had previously signed CHIS agreements with other foreign governments as early as 2010.[6]

8. ICE also participates in biometric data sharing programs under the oversight of its parent agency, DHS. A 2022 Privacy Impact Assessment issued by DHS identifies ICE as a data source for biometric data under its International Biometric Information Sharing ("IBIS") program.[7] According to the Privacy Impact Assessment, ICE has some discretion in what data it shares under the IBIS program.[8]

9. On December 9, 2022, Access Now, through counsel, filed a request ("the Request") under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, with the DHS Privacy Office.[9] The Request was filed through the SecureRelease portal website and asked for information regarding data sharing agreements between the United States and foreign governments. Specifically, the Request sought:

   a. The full text of any data sharing agreements between the United States and any foreign government, including but not limited to

---

[4] *ICE Renews, Expands Fugitive Information Sharing Agreement With Guatemala*, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, https://www.ice.gov/news/releases/ice-renews-expands-fugitive-information-sharing-agreement-guatemala.

[5] *Id.*

[6] *Id.*

[7] See *Privacy Impact Assessment for the DHS International Biometric Information Sharing Program (IBIS) - Biometric Data Sharing Partnerships (BDSP)*, DHS Reference No. DHS/ALL/PIA-095(a) (Nov. 18, 2022), available at https://www.dhs.gov/sites/default/files/2022-11/privacy-pia-dhs095a-ibis-november2022.pdf.

[8] *See id* at 7-8.

[9] *See* Exhibit A.

      i. The full text of the U.S.-Mexico Bicentennial Framework for Security, Public Health, and Safe Communities; and

      ii. The full text of any Memoranda of Cooperation regarding biometric data sharing with Guatemala, Honduras, or El Salvador.

  b. Records describing any biometric database used in conjunction with any data sharing agreements and any other government, including but not limited to:

      i. The schema or textual description of the structure of such databases;

      ii. The capabilities of such databases to determine the location of people on the move before, during, or after their visit to the United States; and

      iii. The interoperability of such biometric databases for the purposes of data sharing.

  c. Records describing the intended, permitted, limited, or prohibited uses of biometric data of people on the move, including but not limited to use of biometric data in conjunction with other aggregated data of migrant populations.

10. On August 1, 2023, the DHS Privacy Office, of its own initiative, forwarded the Request to ICE for further processing.

11. On September 6, 2023, via email, ICE acknowledged receipt of the Request and assigned it the unique tracking number unique tracking number 2023-ICFO-41827.[10] In the email, ICE stated that it had "determined that your request is too broad in scope and did not specifically identify the records which you are seeking." ICE requested clarification within 30 days.

---

[10] *See* Exhibit B.

12. On September 20, 2023, counsel for Access Now submitted new request language ("the Revised Request") seeking:

    a. The full text of any data sharing agreements between the United States and any foreign government, including but not limited to:

        i. The full text of the U.S.-Mexico Bicentennial Framework for Security, Public Health, and Safe Communities; and

        ii. The full text of any Memoranda of Cooperation regarding biometric data sharing with Guatemala, Honduras, or El Salvador.

    b. Records describing any biometric database used in conjunction with any data sharing agreements and any other government, including but not limited to:

        i. The schema or textual description of the structure of such databases;

        ii. The capabilities of such databases to determine the location of people on the move before, during, or after their visit to the United States; and

        iii. Steps taken to export data from such biometric databases, or otherwise make such biometric databases interoperable, for the purposes of sharing personal data of people on the move.

    c. Records describing DHS policies permitting, limiting, or prohibiting specific uses of biometric data of people on the move, including but not limited to DHS policies governing the use of biometric data in conjunction with other aggregated data of migrant populations.

13. Counsel further clarified that the second and third items of the Revised Request should be limited to biometric data of people on the move from Mexico, Guatemala, Honduras, and El Salvador, or databases that contain such data.

14. On September 27, 2023, ICE, via email, acknowledged the Revised Request.

15. On November 15, 2023, ICE, via email, issued a final response to the Revised Request.[11] ICE stated that it "conducted a search of the ICE Office of Regulatory Affairs and Policy (ORAP) and ICE Homeland Security Investigations (HSI) for records responsive to your request and no records responsive to your request were found." ICE cited the exclusions under 5 U.S.C. § 552(c) but did not state that any records were excluded under those provisions.

16. On February 9, 2024, counsel for Access Now submitted a timely administrative appeal of ICE's November 15, 2023, final determination.[12] The appeal argued that ICE failed to conduct an adequate search and did not adequately explain its search process or rationale for limiting its search to ORAP and HSI. The appeal cited specific publications indicating that ICE likely possessed responsive records.

17. On March 11, 2024, ICE, via email, issued a determination on Access Now's appeal, which it assigned the unique identifier 2024-ICAP-00156.[13] In the determination, ICE stated that "[u]pon a complete review of the administrative record and the search documentation, which led to the determination on the FOIA request, the search was adequate in all respects and was reasonably calculated to uncover all relevant documents." ICE did not offer any additional information as to its search process, its rationale for limiting its search to the ORAP and HSI offices, or why it would not have records on the biometric databases it controls.

---

[11] *See* Exhibit C.
[12] *See* Exhibit D.
[13] *See* Exhibit E.

18. On information and belief, as part of its immigration enforcement activities, ICE, and in particular ERO, collects and stores biometric data on people on the move, including migrants, refugees, asylum seekers, stateless people, and other similarly situated persons (collectively, "people on the move"), including but not limited to people originating from Mexico, Guatemala, Honduras, and El Salvador. On information and belief, this data is stored in databases.

19. On information and belief, under the CHIS programs, ICE, and in particular ERO, shares biometric data of people on the move with foreign governments, including but not limited to the governments of Mexico, Guatemala, Honduras, and El Salvador. On information and belief, this data sharing is conducted pursuant to data sharing agreements.

20. On information and belief, ICE participates in data sharing with foreign governments through DHS programs such the IBIS program. On information and belief, ICE takes steps to make its data interoperable with this data sharing programs. On information and belief, this data sharing is conducted pursuant to data sharing agreements.

21. On information and belief, ICE may participate in other forms of data sharing with foreign governments, beyond CHIS and IBIS, of which Access Now is not yet aware.

## Count I: Violation of the FOIA, 5 U.S.C. §552

22. The plaintiffs restate and incorporate by reference the allegations in paragraphs 1 through 21 above as fully set forth herein.

23. On information and belief, ICE possesses records responsive to the Revised Request and subject to disclosure. 5 U.S.C §552(a)(3).

24. As demonstrated by its failure to produce responsive records, ICE has not made reasonable efforts to search for the requested records. 5 U.S.C. §552(a)(3)(C).

25. Moreover, ICE has failed to adequately describe the reasons for its determination that it does not possess the requested records. 5 U.S.C. §552(a)(6)(A)(i)(I).

26. Access Now has fully exhausted its administrative avenues under 5 U.S.C. §552(a)(6)(C)(i), as it timely appealed ICE's initial determination.

## **Prayer for Relief**

**WHEREFORE**, Plaintiffs respectfully request this Court to:

1. Declare that Defendant has failed to comply with the disclosure obligations of 5 U.S.C. § 552(a)(3) and response obligations of 5 U.S.C. §552(a)(6)(A)(i)(I);

2. Order Defendant to conduct a thorough search for all records responsive to Plaintiffs' Request and to immediately disclose, in their entirety, all responsive records that are not specifically exempt from disclosure under the FOIA;

3. Award Plaintiffs the costs of this proceeding, including reasonable attorneys' fees and costs; and

4. Grant such other and further relief as the Court deems just and proper.

Dated: May 23, 2024                    Respectfully submitted,

                                            /s/ Mason A. Kortz

                                         Mason A. Kortz, #5623947
                                         Cyberlaw Clinic
                                         Harvard Law School
                                         1557 Massachusetts Avenue, 4th Floor
                                         Cambridge, MA 02138
                                         Tel: 858-922-1990
                                         Email: mkortz@law.harvard.edu